RECEIVED

03-03-09 AY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| SHANNON GIRARD, ET AL. | CIVIL ACTION NO.: 06-1884 |
| VERSUS | JUDGE DOHERTY |
| BRANDT ENERGY ENVIRONMENTAL, ET AL. | MAGISTRATE JUDGE HILL |

## MEMORANDUM RULING

Currently pending before the Court is a *"Daubert* Motion to Exclude the Testimony of Glenn

M. Hebert, MRC," filed by defendant, Offshore Rental Corporation of Texas, d/b/a Tiger Tanks

("Tiger Tanks"). [Doc. 72] Also pending is Tiger Tanks' Motion for Leave to file a supplemental

memorandum in support of its *Daubert* motion; the motion for leave is GRANTED. [Doc. 111]

In the *Daubert* motion, defendant argues the testimony of Mr. Hebert (plaintiff's vocational

rehabilitation counselor) should be excluded, "as his opinions are based on insufficient facts and

data . . ., his opinions are unreliable, speculative and fail to meet the standard required by the

*Federal Rules of Evidence, Rule 702,* and the United States Supreme Court in *Daubert v. Merrill-*

*Dow Pharmaceuticals, Inc.*"[1] [Doc. 72-1, p.1] While the Court finds due to certain assumptions

made by Mr. Hebert, his testimony will potentially be weakened and vulnerable to cross-

examination, nevertheless, from what has been presented to the Court thus far, the opinions and

testimony do not run afoul of the requirements of FED. R. EVID. 702 or *Daubert.* As stated in

*Daubert,* "Vigorous cross-examination, presentation of contrary evidence, and careful instruction

---

[1]*Daubert* at 509 U.S. 579 (1993).

on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Id.* at 596 (citing *Rock v. Arkansas*, 483 U.S. 44, 61 (1987)). Due to the foregoing, defendant's *Daubert* motion is DENIED for failure to carry the burden of proof. [Rec. Doc. 72]

THUS DONE AND SIGNED in Lafayette, Louisiana, this ___1___ day of February, 2009.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

COPY SENT
DATE 3/3/09
BY
TO

2